United States District Court
Southern District of Texas
**ENTERED**
June 05, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT HALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-3269 |
| | § | |
| CITY OF WALLER, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] is Defendant City of Waller's ("City") Motion to Dismiss (Doc. 10). The City's earlier motion to dismiss is **DENIED AS MOOT** (Doc. 4). The court has considered the motion, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that the City's motion be **GRANTED IN PART AND DENIED IN PART.**

## I. Case Background

### A. Factual Background[2]

After receiving noise complaints, the City of Waller Police Department dispatched Defendant Officer Cannon ("Officer Cannon") to a block party taking place near the Brookside Meadows Apartments.[3] Officer Cannon ordered the partygoers to leave the

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 6, Ord. Dated Oct. 6, 2016.

[2] The following factual account is derived from Plaintiff's Amended Complaint, Doc. 7.

[3] See id. p. 3.

area.[4] Plaintiff, a resident of Brookside Meadows Apartments, filmed Officer Cannon's efforts to disperse the crowd.[5] Officer Cannon approached Plaintiff and sprayed him with pepper spray.[6] Officer Cannon then shoved Plaintiff to the ground and handcuffed him.[7] After Officer Cannon forced Plaintiff against the police car and took his wallet, Plaintiff was placed in the back of police car, where he remained for over an hour.[8]

Plaintiff questioned the basis for Officer Cannon's use of pepper spray and the detention.[9] Officer Cannon threatened to charge Plaintiff with public intoxication and told Plaintiff that he was disturbing the peace.[10] Officer Cannon proposed that if Plaintiff deleted the video that showed Officer Cannon pepper spraying him, Officer Cannon would release Plaintiff from custody.[11]

Plaintiff alleges that as a result of the incident, he sustained bruises and that his eyes burned for four to five days.[12]

## B. **Procedural Background**

---

[4] See id.

[5] See id.

[6] See id.

[7] See id.

[8] See id.

[9] See id.

[10] See id. p. 4.

[11] See id.

[12] See id.

On October 6, 2016, Plaintiff filed an original petition in state court, bringing assault and battery claims against Officer Cannon and Section 1983 claims against Officer Cannon and the City.[13] On November 7, 2016, the City removed this action from the 506th Judicial District Court of Waller County to this court.[14] On November 10, 2016, the City filed a motion to dismiss Plaintiff's claims for failure to state a claim.[15]

On December 13, 2016, Plaintiff filed an amended complaint, thereby superseding his original complaint and rendering the City's earlier motion to dismiss moot.[16] In this complaint, Plaintiff alleged the same claims as in the original complaint.[17]

The City filed a motion to dismiss the amended complaint on December 19, 2016.[18] Plaintiff has not filed a response to this motion.

Officer Cannon has not been served.[19] Plaintiff attempted service at the City of Waller Police Department but found that Cannon had not been employed by there for the past six months.[20]

---

[13] See Doc. 2-1, Ex. A to Def. City's Notice of Removal & Jury Demand, Pl.'s Orig. Compl. pp. 1-9.

[14] See Doc. 2, Def. City's Not. Of Removal & Jury Demand p. 1.

[15] See Doc. 4, Def. City's 1st Mot. to Dismiss.

[16] See Doc. 7, Pl.'s Am. Compl.

[17] See id.

[18] See Doc. 10, Def. City's 2d Mot. to Dismiss.

[19] See Doc. 15, Aff. of Mike Tevis p. 1.

[20] See id.

## II. Plaintiff's Failure to Serve

Federal Rule of Civil Procedure ("Rule") 4(m) requires that a complaint be served on a defendant within ninety days after it is filed with the court. Fed. R. Civ. P. 4(m). If the plaintiff fails to serve a defendant within that time period, Rule 4(m) allows the court to dismiss the action against the unserved defendant. Fed. R. Civ. P. 4(m). The court may do so sua sponte, provided it gives the plaintiff notice. Fed. R. Civ. P. 4(m). If, however, the plaintiff can show good cause for failing to serve the defendant, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Plaintiff filed this lawsuit in state court on October 6, 2016, and served the City on October 13, 2016.[21] Plaintiff attempted to serve Officer Cannon at the City of Waller Police Department on October 13, 2016, but service could not be completed because Officer Cannon was no longer employed there.[22] The process server's attempt to locate Cannon at the address listed on Officer Cannon's driver's license was unsuccessful.[23]

The time allotted to a plaintiff for service of process on a defendant has long passed. It is therefore ordered that Plaintiff must serve Officer Cannon within thirty days of the adoption of this memorandum and recommendation. If Officer Cannon is not served

---

[21] See Doc. 2, Def. City's Not. Of Removal & Jury Demand; Doc. 14, Return of Serv. of Summons on Def. City pp. 1-2.

[22] See Doc. 15, Aff. of Mike Tevis p. 1.

[23] Id.

within the thirty-day period, he will be dismissed from the lawsuit.

### III. Motion to Dismiss Standard

Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011)(quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 678. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. 678.

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." Twombly, 550 U.S. at 555.

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend under Rule 15(a) before dismissing the action with prejudice if there is no scheduling order in place. See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); see also United States ex rel. Adrian v. Regents of the Univ. of Cal., 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)). In the present case a scheduling order is in place, therefore Rule 16(b) provides the applicable standard for considering a motion for leave to amend.

A plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (2d ed. 1990); see also Ayers v. Johnson, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) ("[A] district court acts within its discretion when dismissing a

motion to amend that is frivolous or futile.")(quoting <u>Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.</u>, 195 F.3d 765, 771 (5th Cir. 1999)).

## IV. Analysis

In Plaintiff's amended complaint, he alleges that the City is vicariously and institutionally liable for Officer Cannon's conduct under Section 1983 and that the City failed to train and properly evaluate Officer Cannon's fitness for duty. The City moves to dismiss Plaintiff's Section 1983 claims, contending that: (1) Plaintiff has not stated claims under the Fourteenth Amendment; (2) the City cannot be held vicariously liable for the actions of Officer Cannon under Section 1983; and (3) Plaintiff has failed to allege a city policy that led to violations of Plaintiff's constitutional rights.

The City generally contests Plaintiff's ability to make a claim under the Fourteenth Amendment and cites <u>Albright v. Oliver</u>, 510 U.S. 266, 274 (1994), and <u>Conn v. Gabbert</u>, 526 U.S. 286, 293 (1999) in support. In both <u>Albright</u> and <u>Conn</u>, the Court refused to allow a plaintiff to bring a Fourteenth Amendment substantive due process claim in the context of a complaint of a wrongful arrest or unreasonable search, holding that the Fourth Amendment was the proper vehicle through which such claims should be made. <u>Albright</u>, 510 U.S. at 274; <u>Conn</u>, 526 U.S. at 274.

Here, the court does not find that Plaintiff has made an improper substantive due process claim under the Fourteenth

Amendment. Rather, the court interprets Plaintiff's citation of the Fourteenth Amendment in his complaint to refer to the applicability of the Fourth Amendment to those state entities taking action under color of state law. See Camara v. Municipal Court of City of County of San Francisco, 387 U.S. 523, 528 (1967)("the Fourth Amendment is enforceable against the States through the Fourteenth Amendment").

A plaintiff can establish a prima-facie case under Section 1983[24] for the deprivation of civil rights by establishing: (1) a violation of a federal constitutional or statutory right; and (2) that the violation was committed by an individual acting under the color of state law. Doe v. Rains Cty. Indep. Sch. Dist., 66 F.3d 1402, 1406 (5th Cir. 1995). The statute creates no substantive rights but only provides remedies for deprivations of rights created under federal law. Graham v. Connor, 490 U.S. 36, 393-94 (1989).

A city may be held liable under Section 1983 only for its own illegal acts, not pursuant to a theory of vicarious liability. Connick v. Thompson, 563 U.S. 51, 60 (2011). To succeed on a claim under Section 1983, the plaintiff must demonstrate that the city "had some inadequate custom or policy that acted as the moving force behind a constitutional violation." Forgan v. Howard Cty., Tex.,

---

[24] The provision reads, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

494 F.3d 518, 522 (5th Cir. 2007) (citing Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 690-91 (1978)); see also Connick, 563 U.S. at 61. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick, 563 U.S. at 61.

Courts have recognized that, under limited circumstances, the failure to train or to supervise its employees may give rise to local-government liability under Section 1983. See id.; Zarnow v. City of Wichita Falls, Texas, 614 F.3d 161, 169, 170 (5th Cir. 2010). In failure-to-train cases, a plaintiff must prove the inadequacy of the procedures, the policymaker's deliberate indifference, and causation. Zarnow, 614 F.3d at 170.

A local government can be held liable only when its failure to train or to supervise amounted to deliberate indifference to the constitutional rights of its citizens. Connick, 563 U.S. at 61 (quoting City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989)). In order to show deliberate indifference by the municipality, a plaintiff must generally show a pattern of similar constitutional violations by untrained employees. Connick, 563 U.S. at 62. Where the question is not whether the officers received any training in the constitutional requirements, but whether the officers received adequate training, the plaintiff cannot rely on proof that additional training would have created a better officer or would have reduced the likelihood of a constitutional violation but must

prove that the "officers were so untrained as to be unaware" of constitutional limitations.  Pineda v. City of Houston, 291 F.3d 325, 333 (5th Cir. 2002); see also City of Canton, Ohio, 489 U.S. at 391.  The Supreme Court has cautioned, "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Connick, 563 U.S. at 61.

This court has found that at the motion to dismiss stage, a plaintiff "need not specifically state what the policy is . . . but may be more general." Thomas v. City of Galveston, 800 F. Supp. 2d 826, 843 (S.D. Tex. 2011).  A plaintiff must still "provide fair notice to the defendant, and this requires more than generically restating the elements of municipal liability."  Id. Such allegations could include "past incidents of misconduct to others, multiple harms that occurred to the plaintiff, misconduct that occurred in the open, the involvement of multiple officials in the misconduct, or the specific topic of the challenged policy or training inadequacy."  Id.

Here, Plaintiff alleges that the City is liable under Section 1983 because it "failed to properly evaluate its law enforcement personnel's qualifications, training, demeanor, and fitness-for-duty as police officers, including, but not limited to, Officer Cannon."[25]  Additionally, Plaintiff alleges, based solely on the facts of the assault and arrest, that the City failed to "fully,

---

[25] Doc. 7, Pl.'s Am. Compl. p. 10.

adequately, and properly" train its law enforcement officers on how to disperse large crowds and use pepper spray.[26]

The court agrees with the City that the allegation of a lack of a city policy to evaluate the qualifications, training, demeanor and fitness-for-duty of its police officers fails to meet the legal standard outlined above because it fails to put the City on notice of the training deficiency, the instances where the deficiency has caused harm, and how the City has been placed on notice of the training deficiency such that it amounted to deliberate indifference. The court will allow Plaintiff to amend and replead this claim with greater specificity. On the other hand, Plaintiff has adequately alleged that the City failed to train its officers on how to disperse large crowds and the proper use of pepper spray.

## IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that the City's motion to dismiss be **GRANTED IN PART AND DENIED IN PART.** If this recommendation is **GRANTED,** Plaintiff has leave to file an amended complaint correcting the pleading deficiencies outlined above within thirty days from the date the recommendation is adopted.

Also, for the reasons outlined above, the court **ORDERS** Plaintiff to serve Officer Cannon within thirty days. Failure to serve Officer Cannon within the thirty-day period will result in his dismissal from this lawsuit.

---

[26]  See id. p. 9.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 5th day of June, 2017.

_____
U.S. MAGISTRATE JUDGE