UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT HALL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-3269 |
| | § | |
| CITY OF WALLER, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is a memorandum and recommendation filed by Magistrate Judge Nancy K. Johnson ("M&R"). Dkt. 16. The M&R recommends granting in part and denying in part defendant City of Waller's ("City") motion to dismiss (Dkt. 10) and denying the City's earlier motion to dismiss as moot (Dkt. 4). *Id.* The City filed objections to the M&R. Dkt. 17. After considering the M&R, the record, the objections, and the applicable law, the court is of the opinion that the objections should be OVERRULED. The court ADOPTS IN FULL the M&R.

**I. BACKGROUND**

This is a civil rights case against the City and a police officer. 42 U.S.C. § 1983. On October 6, 2014, the City of Waller Police Department dispatched defendant Officer Adolphus Cannon ("Officer Cannon") to a block party near the Brookside Meadows Apartments. Dkt. 7. There, plaintiff Robert Hall, a resident of Brookside Meadows Apartments, filmed Officer Cannon's efforts to disperse the crowd. *Id.* Hall alleges that Officer Cannon approached him without provocation, sprayed him with pepper spray, shoved him to the ground, and handcuffed him. *Id.* Hall's film includes footage of the pepper spraying incident. *Id.*

Hall alleges that Officer Cannon pushed him against a police car, took Hall's wallet, and placed him in the back of the police car for over an hour. *Id.* Hall alleges that Officer Cannon offered to release Hall on the condition that Hall would not distribute the video of Officer Cannon pepper spraying him. *Id.*

On October 6, 2016, Hall filed a petition in state court against the City and Officer Cannon. Dkt. 2-1. That action was removed to federal court. Dkt. 2. On November 10, 2016, the City filed its first motion to dismiss. Dkt. 4. On December 13, 2016, Hall amended the complaint, rendering the City's earlier motion to dismiss moot. Dkt. 7. On December 19, 2016, the court referred all pretrial management of this case to Judge Johnson pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 9. On December 19, 2016, the City filed a motion to dismiss the live complaint. Dkt. 10. On June 5, 2017, Judge Johnson's M&R recommended that the City's motion be granted in part and denied in part and that the City's earlier motion to dismiss (Dkt. 4) be denied as moot. Dkt. 16.

Judge Johnson recommends that (1) the court should order Hall to serve Officer Cannon with service of process within thirty days of the court's order adopting the M&R or else the court should dismiss him from the case; (2) the court should allow Hall leave to file an amended complaint to correct the pleading deficiencies as it relates to his allegation of "a lack of a city policy to evaluate the qualifications, training, demeanor and fitness-for-duty of its police officers." *Id.* at 11. Judge Johnson also recommends that two of Hall's allegations should survive the City's motion to dismiss: that the City failed to train its officers on how to disperse large crowds and the proper use of pepper spray. *Id.* On June 16, 2017, the City filed objections to the M&R, seeking dismissal of all of Hall's claims against the City. Dkt. 17.

## II. LEGAL STANDARDS

### A. Reviewing a M&R

For dispositive matters, the court "determine(s) de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Comm. Note (1983). For nondispositive matters, the court may set aside the magistrate judge's order only to the extent that it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The court must review factual findings under a clearly erroneous standard and legal conclusions de novo. *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014).

Here, the court will review all issues to which objections were filed de novo and will consider whether there is any clear error with regard to portions of the M&R to which no party objected and to the City's nondispositive objection to granting Hall leave to amend his complaint.

### B. Motion to Dismiss

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65 (2007). In considering a Rule 12(b)(6) motion to dismiss a complaint, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 556.

As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, plaintiff's claims should not be dismissed. *Id.* at 555–56. Evaluating a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**C.     42 U.S.C. § 1983**

Section 1983 prohibits "persons" acting under the color of law from depriving another of any "rights, privileges, and immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983. For a plaintiff to state a claim under § 1983, the plaintiff "must first show a violation of the Constitution or of federal law, and then show that the violation was committed by someone acting under color of state law." *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252–53 (5th Cir. 2005).

Municipalities and cities qualify as "persons" under § 1983. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690, 98 S. Ct. 2018 (1978). To state a claim for municipal liability under § 1983, a plaintiff must identify (a) a policymaker, (b) an official policy or custom or widespread practice, and (c) a violation of constitutional rights whose "moving force" is the policy or custom. *Id.* at 694; *see also Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) (same).

4

**III. ANALYSIS**

In Hall's amended complaint, he alleges that (1) the City is vicariously liable for Officer Cannon's conduct, and (2) that the City failed to train its officers on how to disperse crowds, how to use pepper spray, and (3) that the City failed to evaluate Officer Cannon's fitness for duty. The City raises two objections to the M&R: (1) that Hall has no good cause to file an amended complaint and that it would be futile, and (2) that Hall fails to present facts to show that the City's policies violated his constitutional rights. Dkt. 17. The court will address these objections in turn.

**A. Leave to Amend**

The City objects to the recommendation that Hall should be allowed leave to amend his complaint because Hall has not established good cause to file an amended complaint and doing so would be futile. Dkt. 17. The City cites to the scheduling order where the deadline to file amended pleadings was on January 16, 2017. *Id.* (citing Dkt. 13).

Rule 15(a)(2) allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Fifth Circuit has held that leave to amend should be granted liberally unless the party has acted in bad faith or if granting leave to amend would cause prejudice. *Jebaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 322 (5th Cir. 2009). Federal courts often give plaintiffs at least one opportunity to cure pleading deficiencies. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). However, granting leave to amend is within the sound discretion of the district court, and leave may be denied if the court has good reason, including the futility of an amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003).

Here, Hall alleges that the City is liable under section 1983 because "it failed to properly evaluate its law enforcement personnel's qualifications, training, demeanor, and fitness-for-duty as

5

police officers, including but not limited to, Officer Cannon." 42 U.S.C. § 1983; Dkt. 7 at 10. The M&R states that "[i]n failure-to-train cases, a plaintiff must prove the inadequacy of the procedures, the policymaker's deliberate indifference, and causation." Dkt. 16 at 9 (citing *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 170 (5th Cir. 2010)). The M&R then points out that Hall failed to meet this legal standard but recommends that Hall be allowed to "amend and replead this claim with greater specificity." Dkt. 16 at 11. The court, finding no clear error, agrees with the recommendation in the M&R and finds that a proposed amendment would not be futile because it would advance the claim. *See Foman*, 371 U.S. at 182; Fed. R. Civ. P. 72(a).

The court also observes there is no substantial reason to deny granting Hall leave to amend. *See Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 2010) ("[U]nless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party," Rule 15(a) "envinces a bias in favor of granting leave to amend.") (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981) (internal quotations omitted). Accordingly, the City's objection to allowing Hall leave to amend his complaint is OVERRULED.

**B. Failure to allege facts to show City policy caused constitutional deprivation**

The City argues that Hall failed to state any facts against the city for its "own illegal acts." Dkt. 17 at 2 (citing *Connick v. Thompson*, 563 U.S. 51, 60, 131 S. Ct. 1350 (2011). Namely, the City argues that Hall has only pled the "partial legal elements of a cause of action" and that a City's policy "cannot be inferred from the isolated alleged constitutional deprivation by discharged officer Cannon." Dkt. 17 at 4–5.

"In the context of municipal liability, as opposed to individual officer liability, it is exceedingly rare that a plaintiff will have access to (or personal knowledge of) specific details

6

regarding the existence or absence of internal policies or training procedures prior to discovery." *Thomas v. City of Galveston*, 800 F. Supp. 2d 826, 842 (S.D. Tex. 2011). At this stage of the litigation, Hall "need not specifically state what the policy is . . . but may be more general." *Id.* A plaintiff must still "provide fair notice to the defendant, and this requires more than generically restating the elements of municipal liability." *Id.* The court agrees with Judge Johnson that Hall "adequately alleged that the City failed to train its officers on how to disperse large crowds and the proper use of pepper spray." Dkt. 16 at 11.

To survive a motion to dismiss of a failure to train claim under section 1983, plaintiffs may allege "past incidents of misconduct to others, multiple harms that occurred to the [plaintiff], misconduct that occurred in the open, the involvement of multiple officials in the misconduct, or the specific topic of the challenged policy or training inadequacy." *Thomas*, 800 F. Supp. 2d at 842 (collecting cases). Here, the court finds that Hall has sufficiently pled that the City's specific policies on how to disperse large crowds and how to properly use pepper spray are at issue. Dkt. 7 at ¶¶11,14,51. The court finds that these allegations provide the City fair notice of the claim against it and that the alleged facts are plausible to raise a reasonable expectation that discovery will reveal further supporting evidence. *See Twombly*, 550 U.S. at 556; *Thomas*, 800 F. Supp. 2d at 842. Accordingly, the City's objection to the M&R is OVERRULED.

**C.     Vicarious Liability**

In its motion to dismiss, the City argues that it "cannot be subjected to vicarious liability for the alleged unconstitutional misconduct of Officer Cannon." Dkt. 10 at 4 citing *(Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 691, 98 S. Ct. 2018 (1978); *Stokes v. Bullins*, 844 F.2d 269, 271–72 (5th Cir. 1988). The M&R does not address this issue other than stating that "A city may be held liable under Section 1983 only for its own illegal acts, not pursuant to a theory

7

of vicarious liability. " Dkt. 16 at 8 (citing *Connick v. Thompson*, 563 U.S. 51, 60 (2011). The court agrees with the City that Hall cannot prevail on a section 1983 claim based on a theory of vicarious liability for Officer Cannon's actions. *See Stokes*, 844 F.2d at 272 ("Congress plainly did not intend to impose vicarious liability on municipal persons for their employees' torts. On the contrary, official policy must have caused an employee to violate another's constitutional rights.") (internal quotations omitted). Having received no objections on this issue, the City's motion to dismiss the section 1983 claim is GRANTED to the extent that Hall bases it on the theory of vicarious liability; the City's motion to dismiss the section 1983 claim is otherwise DENIED.

## IV. CONCLUSION

The City's objections are OVERRULED and the court ADOPTS IN FULL the Magistrate Judge's order (Dkt. 16). Hall's remaining section 1983 claims against the City are the failure to train law enforcement on how to disperse crowds and how to use pepper spray. Hall's section 1983 claim against the City to the extent that it relies on a theory of vicarious liability is DISMISSED WITH PREJUDICE. Hall's section 1983 claim against the City for failure to evaluate Officer Cannon's fitness for duty is DISMISSED WITHOUT PREJUDICE. The court GRANTS Hall leave to amend this claim only. Hall has thirty (30) days from the date of this order to file any amended pleadings.

Hall is ORDERED to serve Officer Cannon within thirty (30) days from the date of this order, otherwise Officer Cannon will be dismissed from this lawsuit.

Signed at Houston, Texas on June 27, 2017.

_____
Gray H. Miller
United States District Judge