IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT HALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-3269 |
| | § | |
| CITY OF WALLER, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] is Defendant City of Waller's ("City") Motion for Summary Judgment (Doc. 19). The court has considered the motion, the response, the reply, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that the City's motion be **GRANTED**.

## I. Case Background

Plaintiff filed this action alleging violations of 42 U.S.C. § ("Section") 1983 and state law claims for assault and battery.[2]

**A. Factual Background**

Critical to this case are the events surrounding Plaintiff's arrest on October 6, 2014, and the relevant City policies.

**1. Events of October 6, 2014**

On October 6, 2014, police officers, including Officer Adolphus

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 6, Ord. Dated Oct. 6, 2016.

[2] See Doc. 2-1, Ex. A to Def. City's Notice of Removal & Jury Demand, Pl.'s Orig. Compl.

Cannon ("Officer Cannon"), were dispatched to a block party comprising largely of Prairie View A&M University ("Prairie View") students at the Brookside Meadows Apartments.[3] Plaintiff, a student majoring in photography at Prairie View and a resident of the Brookside Meadows Apartments, attended the party and utilized a video camera to film the events of the night.[4] Plaintiff was not drinking or smoking marijuana the night of the party, but other students were smoking marijuana.[5]

Plaintiff filmed the officers while they worked to disperse the crowd at the party.[6] As Officer Cannon passed Plaintiff, he pepper sprayed Plaintiff in the face.[7] Plaintiff was told to stop filming by another officer, and Officer Cannon walked up to Plaintiff and grabbed his right wrist to arrest him.[8] Officer Cannon also tried to take Plaintiff's camera, but Plaintiff was able to give the camera to another student.[9] Officer Cannon shoved Plaintiff to the ground to handcuff him.[10] Plaintiff was taken to a police car where

---

[3] See Doc. 19-27, Ex. 27 to Def. City's Mot. for Summ. J., Pl.'s Dep. pp. 8-11, 13-16.

[4] See id. pp. 11-19, 23-26, 49.

[5] See id. pp. 28-34.

[6] See id. pp. 46-53.

[7] See id. pp. 51-52.

[8] See id. pp. 52-57.

[9] See id. pp. 53-57.

[10] See id. pp. 57-58.

2

he was searched, his personal items were taken out of his pockets, and he was placed in the backseat of the police car.[11]

Plaintiff remained in the police car for about an hour until the officers finished dispersing the partygoers.[12] Once the officers returned to the car, Plaintiff began questioning the basis for his arrest.[13] Officer Cannon told Plaintiff he could go if he agreed not to publicize the video he had recorded.[14] Plaintiff agreed, but later sent the video of the incident to multiple media outlets.[15]

Plaintiff did not file an internal complaint with the City of Waller police department after the incident.[16] After the incident was reported by another officer, Officer Cannon was placed on administrative leave for his failure to file a report that he utilized pepper spray.[17] Officer Cannon subsequently filed a report

---

[11]   See id. pp. 58-59.

[12]   See id. p. 59, 63.

[13]   See id. pp. 60-61.

[14]   See id. p. 61.

[15]   See id. pp. 61-62, 68-69.

[16]   See id. p. 72; Doc. 19-2, Ex. 2 to Def. City's Mot. for Summ. J., Decl. of Chief of Police Michael Williams p. 6.

[17]   See Doc. 19-2, Ex. 2 to Def. City's Mot. for Summ. J., Decl. of Chief of Police Michael Williams pp. 5-7; Doc. 19-3, Ex. 3 to Def. City's Mot. for Summ. J., Not. of Admin. Leave Dated Oct. 8, 2014, p. 1.; Doc. 19-4, Ex. 4 to Def. City's Mot. for Summ. J., Press Release Dated Oct. 8, 2014, p. 1.

3

after he was placed on administrative leave.[18] An internal investigation was conducted and Officer Cannon was fired by the City on November 4, 2014, "for violating the police department's use of force regulation which required Cannon to report his use of O.C. (pepper) spray against [Plaintiff]."[19]

**2. City Policy**

The City has presented evidence that it had policies in place mandating that officers not violate citizens' constitutional rights and that require certain training for police officers.

The summary judgment evidence showed that Officer Cannon's job performance was regularly evaluated by his supervisors, as City policy required.[20] His supervisors gave him scores in the good and very good range, and, it was noted that Officer Cannon "exceed[ed] position requirements by encouraging teamwork and team training," "t[ook] exceptional care of equipment," and was "[v]ery good at working with little or no supervision."[21]

---

[18] See Doc. 19-2, Ex. 2 to Def. City's Mot. for Summ. J., Decl. of Chief of Police Michael Williams p. 6; Doc. 19-5, Ex. 5 to Def. City's Mot. for Summ. J., Rep. Dated Oct. 8, 2014.

[19] Doc. 19-2, Ex. 2 to Def. City's Mot. for Summ. J., Decl. of Chief of Police Michael Williams p. 7.

[20] See id. p. 3 ("City policy specifically requires a supervisor to regularly prepare written evaluations of every employee's job performance which includes Doc. 19-23, Ex. 23 to Def. City's Mot. for Summ. J., Performance Review Dated Oct. 26, 2011; Doc. 19-24, Ex. 24 to Def. City's Mot. for Summ. J., Performance Review Dated Oct. 18, 2012; Doc. 19-25, Ex. 25 to Def. City's Mot. for Summ. J., Performance Review Dated Nov. 25, 2013.

[21] See Doc. 19-23, Ex. 23 to Def. City's Mot. for Summ. J., Performance Review Dated Oct. 26, 2011 pp. 1-2; Doc. 19-24, Ex. 24 to Def. City's Mot. for Summ. J., Performance Review Dated Oct. 18, 2012 pp. 1-2; Doc. 19-25, Ex. 25 to Def. City's Mot. for Summ. J., Performance Review Dated Nov. 25, 2013 pp. 1-2.

Upon assuming their roles as police officers, City of Waller police officers are required to take an oath to uphold the Constitution.[22] Additionally, City policy required that its officers hold a current peace officer certification from the Texas Commission on Law Enforcement ("TCOLE").[23] The City also had a policy "to be customer- and service-oriented and for employees to treat customers in a courteous and respectful manner at all times. Conduct that interferes with operations, discredits the city, or is offensive to customers will not be tolerated, and may result in disciplinary action being taken against the employee, including, but not limited to, termination."[24] Employees of the City were forbidden from misusing City property or equipment.[25] Officer Cannon signed a form acknowledging that he received the City Manual.[26]

The City also had a Police Department Policy and Procedure Manual (the "Police Manual") prescribing specific policies for the

---

[22] See City of Waller, Tex., Ch. 42, § 42-1; Doc. 19-2, Ex. 2 to Def. City's Mot. for Summ. J., Decl. of Chief of Police Michael Williams p. 2.

[23] See Doc. 19-2, Ex. 2 to Def. City's Mot. for Summ. J., Decl. of Chief of Police Michael Williams p. 4.

[24] Doc. 19-12, Ex. 12 to Def. City's Mot. for Summ. J., City Manual p. 13.

[25] See id. pp. 14-16.

[26] See Doc. 19-13, Ex. 13 to Def. City's Mot. for Summ. J., Acknowledgment of Receipt of City Manual p. 1.

police department.[27] The Police Manual barred police officers from utilizing pepper spray without being qualified and certified, and required officers who deployed such a weapon to comply with reporting requirements.[28] Basic police officer training teaches crowd control and how to utilize pepper spray.[29] Additionally, Officer Cannon took supplemental courses about crowd control and critical incident response.[30]

**B. Procedural Background**

Plaintiff originally filed this action in state court, and the City removed it to this court on November 7, 2016.[31] Plaintiff filed an amended complaint on December 13, 2016, bringing claims under Section 1983 and under state law for assault and battery against Officer Cannon, and alleging that the City was institutionally and vicariously liable under Section 1983 for

---

[27] See Doc. 19-2, Ex. 2 to Def. City's Mot. for Summ. J., Decl. of Chief of Police Michael Williams pp. 4-5; Doc. 19-14, Ex. 14 to Def. City's Mot. for Summ. J., Police Manual A-1, pp. 1-6.

[28] See Doc. 19-19, Ex. 19 to Def. City's Mot. for Summ. J., Police Manual A-8 pp. 2-5.

[29] See Doc. 19-2, Ex. 2 to Def. City's Mot. for Summ. J., Decl. of Chief of Police Michael Williams p. 10.

[30] See Doc. 19-21, Ex. 21 to Def. City's Mot. for Summ. J., TCOLE Rep. on Officer Cannon pp. 1-7; Doc. 19-22, Ex. 22 to Def. City's Mot. for Summ. J., Certificates of Achievement for Officer Cannon pp. 1-2.

[31] See Doc. 2, Def. City's Not. Of Removal & Jury Demand p. 1; Doc. 2-1, Ex. A to Def. City's Notice of Removal & Jury Demand, Pl.'s Orig. Pet. pp. 1-9.

Officer Cannon's conduct.[32] The City moved to dismiss Plaintiff's claims.[33]

On June 5, 2017, the court recommended that the claims against the City be dismissed except for Plaintiff's allegations that the City failed to train its officers on how to disperse large crowds and the proper use of pepper spray.[34] The court also gave Plaintiff thirty days to serve Officer Cannon and leave to file an amended complaint.[35] This recommendation was adopted on June 27, 2017.[36] Plaintiff has not filed an amended complaint, but was eventually able to serve Officer Cannon after the court granted a motion for leave for substituted service due to Officer Cannon's evasion of service.[37] Officer Cannon has not yet appeared in this suit.

On July 6, 2017, the City filed the pending motion for summary judgment.[38]

## II. Summary Judgment Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists on any material fact and the moving party

---

[32] See Doc. 7, Pl.'s 1st Am. Pet.

[33] See Doc. 10, Def. City's 2d Mot. to Dismiss.

[34] See Doc. 16, Mem. & Recom. Dated June 5, 2017.

[35] See id. p. 11.

[36] See Doc. 18, Ord. Dated June 27, 2017.

[37] See Doc. 23, Pl.'s Mot. for Leave for Substituted Serv.; Doc. 26, Ord. Dated Sept. 14, 2017.

[38] See Doc. 19, Def. City's Mot. for Summ. J.

is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Stauffer v. Gearhart, 741 F.3d 574, 581 (5th Cir. 2014). A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 271 F.3d 624, 626 (5th Cir. 2001). To be genuine, the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party. See Royal v. CCC & R Tres Arboles, L.L.C., 736 F.3d 396, 400 (5th Cir. 2013)(quoting Anderson, 477 U.S. at 248).

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (1992). If the moving party carries its burden, the nonmovant may not rest on the allegations or denials in his pleading but must respond with evidence showing a genuine factual dispute. Stauffer, 741 F.3d at 581 (citing Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007)).

### III. Analysis

Plaintiff contends that the City violated his rights under Section 1983 because it "has an inadequate policy of evaluating its

8

police officers' fitness for duty and an inadequate policy of training police officers to respond to usual and recurring situations with which police officers generally must deal, including dispersing large crowds and proper and constitutional use of [pepper spray]."[39] In its motion for summary judgment, the City argues that Plaintiff has not raised a genuine issue of material fact that the City had a policy of failing to train officers in these areas.

In order to prevail on a claim under 42 U.S.C. § ("Section") 1983,[40] a plaintiff must establish that the defendant deprived the plaintiff of his constitutional rights while acting under the color of state law. Moody v. Farrell, 868 F.3d 348, 351 (5th Cir. 2017). The statute creates no substantive rights but only provides remedies for deprivations of rights created under federal law. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

A city may be held liable under Section 1983 only for its own illegal acts, not pursuant to a theory of vicarious liability. Connick v. Thompson, 563 U.S. 51, 60 (2011). To succeed on a claim under Section 1983, the plaintiff must demonstrate that the city

---

[39] See Doc. 21, Pl.'s Resp. to Def. City's Mot. for Summ. J. p. 2.

[40] The provision reads, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

9

"had some inadequate custom or policy that acted as the moving force behind a constitutional violation." Forgan v. Howard Cty., Tex., 494 F.3d 518, 522 (5th Cir. 2007) (citing Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 690-91 (1978)); see also Connick, 563 U.S. at 61. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick, 563 U.S. at 61.

Courts have recognized that, under limited circumstances, the failure to train or to supervise its employees may give rise to local-government liability under Section 1983. See id.; Zarnow v. City of Wichita Falls, Texas, 614 F.3d 161, 169, 170 (5th Cir. 2010). In failure-to-train cases, a plaintiff must prove: "(1) that the municipality's training procedures were inadequate, (2) that the municipality was deliberately indifferent in adopting its training policy, and (3) that the inadequate training policy directly caused the violations in question." Zarnow, 614 F.3d at 170. The Supreme Court has cautioned, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Connick, 563 U.S. at 61. The court will address these three elements in turn.

**A. Policy and Training Procedures**

"In order for liability to attach based on an inadequate training claim, a plaintiff must allege with specificity how a

10

particular training program is defective." Zarnow, 614 F.3d at 170 (citations and internal quotations omitted); Pineda, 291 F.3d at 332 ("The inadequacy of the training must be closely related to the injury"). The City argues that it evaluated officers' performance, it trained officers in accordance with state law and mandated that they follow the Constitution, Officer Cannon exceeded the minimum training required, the incident with Plaintiff was an isolated event, and Officer Cannon's conduct violated established City policies.

"An adequate training program must 'enable officers to respond properly to the usual and recurring situations with which they must deal.'" Benavides v. Cty. of Wilson, 955 F.2d 968, 972-73 (5th Cir. 1992)(quoting City of Canton, 489 U.S. 378, 389 (1989)). The undisputed evidence demonstrates that Officer Cannon received more than the minimal amount of training required to be a police officer. Plaintiff has provided no evidence to demonstrate that this training was inadequate other than pointing to the pepper-spray incident complained of in this case.

While a "single decision by a policy maker may, under certain circumstances, constitute a policy for which a municipality may be liable," but "this single incident exception is extremely narrow and gives rise to municipal liability only if the municipal actor is a final policymaker." Valle v. City of Houston, 613 F.3d 536, 542 (5th Cir. 2010)(quoting Brown v. Bryan Cty., 219 F.3d 450, 462 (5th

11

Cir. 2000)); Bolton v. City of Dallas, 541 F.3d 545, 548 (5th Cir. 2008))(internal quotations and alterations omitted).

Here, Plaintiff's failure to train case is based on the singular incident including Officer Cannon. There is no evidence that there was any sort of pattern of behavior with him or among other police officers, or that there was a decision of a policymaker to inadequately train officers on the proper use of pepper spray. In fact, Officer Cannon's performance reviews were positive and there was no evidence that he had violated the City's pepper spray policy in the past.

It was established City policy to protect citizens from violations of constitutionally-protected rights and to report when a nondangerous weapon, such as pepper spray, was deployed. Plaintiff has not presented any evidence demonstrating that the City failed to train Officer Cannon or that there was a pattern of violations by him or other officers. Officer Cannon's training complied with or exceeded state requirements, and his performance was regularly evaluated by the City. Once the City was made aware of Officer Cannon's actions, he was placed on administrative leave and later terminated for violating City policy. Plaintiff's conclusory allegations that Officer Cannon's training was inadequate do not raise a genuine issue of material fact that the City failed to train him.

**B. Deliberate Indifference**

A local government can be held liable only when its failure to train or to supervise amounted to deliberate indifference to the constitutional rights of its citizens. <u>Connick</u>, 563 U.S. at 61 (quoting <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378, 388 (1989)). In order to prove deliberate indifference by the municipality, a plaintiff must generally show a pattern of similar constitutional violations by untrained employees. <u>Connick</u>, 563 U.S. at 62. Where the question is not whether the officers received any training in the constitutional requirements, but whether the officers received adequate training, the plaintiff cannot rely on proof that additional training would have created a better officer or would have reduced the likelihood of a constitutional violation but must prove that the "officers were so untrained as to be unaware" of constitutional limitations. <u>Pineda v. City of Houston</u>, 291 F.3d 325, 333 (5th Cir. 2002); <u>see also</u> <u>City of Canton, Ohio</u>, 489 U.S. at 391.

Deliberate indifference requires showing more than negligence or gross negligence. <u>Valle</u>, 613 F.3d at 547. A plaintiff must demonstrate that "in light of the duties assigned to specific officers or employee the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." <u>Id.</u> "Actual or constructive knowledge of a custom must be

attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority." Id. at 542 (alterations and citations omitted).

The Fifth Circuit has said that "a single incident is usually insufficient to demonstrate deliberate indifference." Estate of Davis ex rel. McCully v. City of North Richland Hills, 406 F.3d 375, 383 (5th Cir. 2005). In Valle, the court explained that the "single incident exception is extremely narrow; a plaintiff must prove that the *highly predictable consequence* of a failure to train would result in the specific injury suffered, and that the failure to train represented the moving force behind the constitutional violation." 613 F.3d at 547 (citations and internal quotations omitted)(emphasis in original). Courts are cautious to extend municipal liability for a single incident to "avoid running afoul of the Supreme Court's consistent rejection of respondeat superior liability." Id. at 549 (citing Pineda, 291 F.3d at 334-35). The Fifth Circuit has avoided imposing liability for single incidents even when the officer has demonstrated inappropriate behavior in the past. See, e.g., Davis, 406 F.3d at 382 (5th Cir. 2005); Snyder v. Trepagnier, 142 F.3d 791, 798-99 (5th Cir. 1998); Valle, 613 F.3d at 549 ("we have rejected claims of deliberate indifference even where a municipal employer knew of a particular officers's propensities for violence or recklessness.").

Here, Plaintiff has no evidence that there was a pattern of

similar incidents with other officers wrongfully pepper-spraying people and failing to report it, and there was no such pattern of behavior with Officer Cannon. Officer Cannon's past performance reviews indicated that he performed in the average-to-above-average range when compared with other officers. Because this case would fall under the single-incident exception, Plaintiff would need to show that Officer Cannon's actions were a highly predictable consequence of a failure to train. See Valle, 613 F.3d at 547. However, Officer Cannon's past performance reviews gave no indication that he would pepper-spray a member of the public without provocation. Additionally, Officer Cannon underwent specific training on crowd control and critical incident response.

Plaintiff argues that the City was deliberately indifferent when it failed to discuss Officer Cannon's actions in city council meetings, and by not disciplining Officer Cannon for pepper spraying Plaintiff, only for his failing to report it. Plaintiff also contends that the City acted to impede other officers from reporting constitutional violations, as evidenced by the fact that the City was sued by former officers who reported constitutional violations by fellow officers, pointing to the same minutes from city council meetings. However, there is no evidence in the record indicating how this case mentioned in the city council meeting is relevant to Plaintiff's case and the court will not speculate that the incidents are probative to the issue before the court.

Plaintiff has not raised a genuine issue of material fact on the element of deliberate indifference. There is no evidence demonstrating a pattern of deliberate indifference by the City or showing that the City acted in a deliberately indifferent manner towards Officer Cannon's actions, as evidenced by the fact that the City took swift action once it discovered that Officer Cannon violated City policy by failing to report the discharge of a nondeadly weapon in accordance with City policy.

## C. Causation

In order for a plaintiff to prove causation, the plaintiff "must establish a direct causal link between the municipal policy and the constitutional injury." Valle, 613 F.3d at 546 (internal quotations and citation omitted). The Fifth Circuit has stated that "the connection must be more than a mere 'but for' coupling between cause and effect. The deficiency in training must be the actual cause of the constitutional violation." Id. (citation omitted). In this case, Plaintiff has not raised a genuine issue of material fact on causation, as Plaintiff has not shown that there is a municipal policy that directly caused Plaintiff's injury.

## IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that the City's motion for summary judgment be **GRANTED**. As Plaintiff's claims against the City should be dismissed, the only claims that remain in this lawsuit are those against Officer Cannon.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 6th day of December, 2017.

_____
U.S. MAGISTRATE JUDGE