UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT HALL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-3269 |
| | § | |
| ADOLPHUS CANNON, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before the court is: (1) a memorandum and recommendation filed by Magistrate Judge Nancy K. Johnson ("M&R") (Dkt. 37); and (2) plaintiff Robert Hall's request for entry of default judgment against defendant Adolphus Cannon (Dkt. 31). Hall filed timely objections. Dkt. 39. Having considered the M&R, objections, and applicable law, the court is of the opinion that: (1) Hall's objections to the M&R should be SUSTAINED; and (2) Hall's request for entry of default judgment should be STRICKEN.

### I. ANALYSIS

**1. M&R**

For dispositive matters, the court "determine[s] de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* The M&R recommends dismissing Hall's claims against Cannon for failure to timely effectuate service of process. Dkt. 37. Although it was untimely, Hall filed a return of service on the same day that Judge Johnson filed the M&R. Dkt. 38. The court agrees with the M&R's reasoning, but the late-filed return of service adds additional

information for the court to consider. Accordingly, the court chooses to exercise its discretion to SUSTAIN Hall's objections. *See* Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 72(b)(3). Thus, at this time, the court will not dismiss Hall's claims for failure to timely serve the defendant.

### 2. Request for entry of default judgment

The court's procedures require that a party seeking a default judgment: (1) file a motion for default judgment under Rule 55(b)(2); (2) follow Local Rule 5.5, which requires that the motion for default judgment be served on the defendant-respondent by certified mail, return receipt requested; and (3) comply with the Servicemembers Civil Relief Act. *See* Judge Miller's Procedures ¶ 6(E). Hall did not comply with those requirements. *See* Dkt. 31. Thus, the court STRIKES Hall's request for entry of default (Dkt. 31).

## II. CONCLUSION

For these reasons, the court: (1) SUSTAINS Hall's objections to the M&R; and (2) STRIKES Hall's request for entry of default. Within thirty days of entry of this order, Hall must comply with the court's procedures for seeking a default judgment. *See* Judge Miller's Procedures ¶ 6(E).

Signed at Houston, Texas on April 17, 2018.

_____
Gray H. Miller
United States District Judge