Case 4:16-cv-03269 Document 42 Filed in TXSD on 11/05/18 Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
November 05, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT HALL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-16-3269 |
| § | |
| CITY OF WALLER, et al., § | |
| § | |
| Defendants. § | |

### MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Plaintiff's Motion for Default Judgment (Doc. 41). The court has considered the motion, the court's order dated April 17, 2018, (Doc. 40), and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that the motion be **GRANTED**.

Plaintiff filed this action in state court on October 6, 2016, and Defendant City of Waller removed it to federal court on November 7, 2016, prior to Plaintiff's completing service on Adolphus Cannon ("Cannon"). On December 13, 2016, Plaintiff filed an amended pleading in this court.

On September 18, 2017, Plaintiff attempted service on Cannon but failed to notify Cannon that the case had been removed to federal court, failed to attach Plaintiff's amended pleading, and failed to provide a federal case number under which an answer could

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 9, Ord. Dated Dec. 19, 2016.

be filed.  On December 18, 2017, Plaintiff filed a request for entry of default against Cannon.  On January 5, 2018, the court advised Plaintiff's counsel that the service on Cannon was defective and that Plaintiff needed to serve the federal complaint with a federal summons.

On February 28, 2018, the undersigned entered a Memorandum and Recommendation recommending that Plaintiff's claims against Cannon be dismissed without prejudice due to his failure to timely effectuate service of process.  Later the same day, Plaintiff filed a return of service of summons reflecting that Cannon had been served through his wife at their home on February 17, 2018. Plaintiff filed objections to the Memorandum and Recommendation, which the court sustained in an order dated April 17, 2018. Therein, the court struck Plaintiff's request for entry of default, instructing him to file a motion for default judgment under Federal Rule of Civil Procedure 55(b)(2), to follow Local Rule 5.5, and to comply with the Servicemembers Civil Relief Act.

Federal Rule of Civil Procedure 55(b)(2) addresses default judgment entered by the court, stating that the suing party must apply for a default judgment and that the court may conduct hearings as necessary to determine the amount of damages.  Local Rule 5.5 requires that motions for default judgment "be served on the defendant-respondent by certified mail (return receipt requested)."  The Servicemembers Civil Relief Act requires that the

plaintiff file an affidavit stating whether "the defendant is in military service and showing necessary facts to support the affidavit" or "stating that the plaintiff is unable to determine whether or not the defendant is in military service." 50 U.S.C. § 3931(b).

On May 17, 2018, Plaintiff filed a motion for default judgment. In the motion, Plaintiff's counsel asseverated that she served the motion and exhibits on Cannon via certified mail, return receipt requested. Attached to the motion was Plaintiff's amended pleading filed in this court, a federal summons with proof of service, and a military-status affidavit in which Plaintiff's attorney affirmed that Cannon is not in military service.

The Fifth Circuit has acknowledged the district court's discretionary authority to employ default judgment "in the interest of the orderly administration of justice." Flaksa v. Little River Marine Constr. Co., 389 F.2d 885, 887 (5th Cir. 1968); but see Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 805 (5th Cir. 2012)(stating that the granting of motions that are dispositive of litigation should not be automatic). A default judgment is considered a drastic remedy to which the court should resort only in extreme situations. Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001).

The court finds this situation to be an extreme one. Plaintiff has proven service of process and has complied with all

3

of the requirements to justify granting entry of default. As of the date of this order, which is more than eight months after service of process, Cannon has not answered or made an appearance. Therefore, the court **RECOMMENDS** that the motion be **GRANTED**. At a later date, the court will schedule a hearing to determine damages.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 5th day of November, 2018.

_____
U.S. MAGISTRATE JUDGE