United States District Court
Southern District of Texas
**ENTERED**
April 25, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROBERT HALL,                        §
                                    §
        Plaintiff,                  §
                                    §
v.                                  §        Civil Action No. H-16-3269
                                    §
CITY OF WALLER, and                 §
OFFICER ADOLPHUS CANNON,            §
                                    §
        Defendants.                 §

<u>**MEMORANDUM AND RECOMMENDATION**</u>

Pending before the court is Plaintiff's motion for a default judgment against Defendant Adolphus Cannon. The court heard testimony from Plaintiff Robert Hall and makes the following factual findings:

On October 6, 2014, City of Waller police officers were called to a block party at the Brookside Meadows Apartments. Plaintiff, a student at Prairie View A & M University, attended the party and was using a video camera to record the party when the police arrived.

As Plaintiff continued to film the events at the party, Defendant Cannon walked up to Plaintiff and pepper-sprayed Plaintiff in the face. Defendant Cannon attempted to take Plaintiff's camera, but Plaintiff was able to give the camera to another student. Plaintiff was searched, handcuffed, and placed in the back of a police car.

Plaintiff remained in the back seat of the police car until the party-goers had been dispersed, about sixty to ninety minutes

in all.   Defendant Cannon released Plaintiff from custody after extracting a promise by Plaintiff not to publicize the video.

Plaintiff testified that the pepper spray caused him eye and face pain for "a couple of" days.   Plaintiff did not seek medical attention for his eye pain/eye irritation and did not miss any classes because of the eye pain.   Plaintiff denied having blurred vision and did not suffer any lost wages.   He did not testify that he took pain medication as a result of the eye pain.   Other than the immediate pain from the pepper spray, Plaintiff has suffered no lingering effects from the incident.   He requested that the court award him $200,000 for his pain and suffering and personal embarrassment for being placed in the back of the police car. Plaintiff has offered the court no guidance on comparable personal injury verdicts for similar injuries.

Defendant Cannon has failed to appear in this action and therefore has offered no justification for his use of pepper spray on Plaintiff.   In making its determination on damages, the court relies on the Fifth Circuit's Pattern Jury Instructions on damages.

In awarding damages, the court must award the amount that will fairly compensate him for the damages he suffered.  Here, Plaintiff suffered eye pain that lasted approximately one to two days and abated without medical treatment and did not require pain medication.   The court proposes an award of $5,000.

With respect to the wrongful arrest claim, Plaintiff was

2

handcuffed behind his back and placed in the back of a police vehicle for sixty to ninety minutes. Based on the physical strain and pain associated with the handcuffing and the personal embarrassment that attends being seen in the back of a police car by friends and strangers, the court proposes an award of $2,500.

It is therefore **RECOMMENDED** that judgment be entered against Defendant Cannon in the amount of $7,500.

At the default hearing, Plaintiff's counsel stated that she intended to move for attorney's fees. The court told counsel it would wait on issuing its recommendation on damages pending submission of a fee request. Three months has passed without a request being filed.

It is **ORDERED** that if Plaintiff's counsel intends to seek fees with respect to Plaintiff's claims against Defendant Cannon, she must file a request within fourteen days of the date of this order. The request for fees must be supported by an affidavit outlining the reasonableness of the request and billing records.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.   Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** this 25<u>th</u> day of April, 2019.

_____
U.S. MAGISTRATE JUDGE